**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WANJUAN MEDIA (TIANJIN) CO., LTD. a.k.a. PILOT FILM AND TELEVISION MEDIA (TIANJIN) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and "JOHN DOES" 1-5, <br><br> Defendants. | Case No. <br><br> COMPLAINT <br><br> Jury Trial Demanded |

Plaintiff Wanjuan Media (Tianjin) Co., Ltd. a.k.a. Pilot Film and Television Media (Tianjin) Co., Ltd. ("Wanjuan Media" or "Plaintiff") through its attorneys, KEVIN KERVENG TUNG, P.C., complaining of Amazon.com, Inc. ("Amazon") and Amazon.com Services LLC ("Amazon Services") (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

## PARTIES

1. Plaintiff Wanjuan Media is a corporation duly organized and existing under the laws of the People's Republic of China, and having its principal place of business located at 403 Shengli Road, Hebei District, Tianjin, China 300310. Plaintiff is engaging in the production and distribution of television shows and related content worldwide.

2. Upon information and belief, defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon owns and operates the Amazon.com website.

3. Upon information and belief, defendant Amazon.com Services LLC is a Delaware Limited Liability Company with its principal place of business in Seattle, Washington.

1

4. Upon information and belief, Amazon Services owns and operates the Prime Video website and service, and the Prime Video App, described below. Amazon Services has no independent operation. Instead, it is completely controlled in every manner by Amazon.

5. The identities of "John Does" 1-5 are not currently known to the Plaintiff. Upon information and belief, they also committed infringement of Plaintiff's copyright in the TV Show (as defined *infra*) and have contributed to Defendants' unlawful activities. Plaintiff will use its best efforts to identify these "John Does", and upon further knowledge and investigation, Plaintiff will amend its pleadings accordingly.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the U.S. Copyright Act, 17 U.S.C. §§ 101, *et seq*.

7. This Court has original jurisdiction of this action also because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state within the meaning of 28 U.S.C. § 1332(a)(2).

8. Defendants are subject to personal jurisdiction in this district because they maintain a headquarter in this district located at 7 West 34th Street, New York, NY 10001.

9. Personal jurisdiction over Defendants is proper in this Court, among other reasons, on the grounds that Defendants, through their interactive web-based subscription service, caused the unlicensed streaming, rental, sale, broadcast and distribution of the Plaintiff's TV Show (as defined *infra*) throughout the State of New York, including within this judicial district.

10. This Court has personal jurisdiction over Defendants pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New

York as described below. Defendants have conducted and do conduct business within New York. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in the United States, and specifically to New York. Defendants purposefully and voluntarily streamed, rented, sold, broadcast and distributed Plaintiff's TV Show in New York.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. Wanjuan Media is the co-author and joint copyright owner of General and I ("孤芳不自赏") (hereinafter referred to as the "TV Show"), a Chinese TV show first published in China in 2017.

13. The TV Show is an "audiovisual work," a type of subject matter protected by the copyright law of the United States under 17 U.S.C. § 102(a)(6). When the TV Show was first published in China in 2017 (it was initially aired on a provincial television channel in China), China had been a party to the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"), and therefore a "treaty party" as defined under 17 U.S.C. § 101. All authors of the TV Show were nationals of China at the time of publication. Therefore, the authors' copyright in the TV Show is fully protected by the copyright law of the United States under the "national treatment principle" of the Berne Convention pursuant to 17 U.S.C. § 104(b)(1) and (2).

14. Therefore, the TV Show is a "non-United States work" and is hereby exempt from Section 411(a)'s registration requirement of the Copyright Act (17 U.S.C. § 411(a)).

15. Plaintiff, together with the other two co-authors and joint copyright owners, has exclusive rights to reproduce the copyrighted work, distribute copies, and to transmit or otherwise communicate the TV Show to the public by means of any device or process.

3

16. Defendants own and operate an internet video on demand and digital distribution service called Prime Video or Amazon Prime Video ("Prime Video") through which they offer films and television shows for rent or purchase, and in addition, a selection of Amazon Studios original content and other films which are made available, to stream on demand – as part of the Prime Video subscription included with membership (free trial and paid monthly or yearly) to Amazon Prime.

17. Upon information and belief, Prime Video is currently available in over 200 countries and territories with an eligible Prime Video or Amazon Prime membership.

18. Prime Video is available as a web-based service at Amazon.com. Prime Video is also available via a Prime Video "app" which is available for download on a range of smart televisions (e.g., Sony, Samsung), Amazon branded devices (e.g., Fire Stick, Fire TV, Kindle Fire tablet) mobile devices, Blu-ray players, games consoles (e.g., Sony PlayStation) and streaming media devices (e.g., Roku).

19. Between May 2018 and October 4, 2021, Defendants, without license or authorization from Plaintiff, distributed and made available to the public all 62 episodes of the TV Show on their paid online video streaming service site, Prime Video. See a true and accurate copy of Prime Video's webpages displaying the TV Show attached hereto as **Exhibit A**. The webpage contains detailed information of the TV Show, including an English title, a cover photo, a screenshot from each of the 62 episodes, and an English description of the plot and the length of playtime of each episode.

20. During this period, the TV Show was streamed, rented or sold thousands of times to Prime Video end users located inside and outside the United States.

21. Amazon duplicated and reproduced the TV Show at data centers within the United States, allowing end users of its "Prime Video" service to ultimately stream, rent or buy the TV Show inside and outside the United States.

22. Amazon's duplication or reproduction of the TV Show within the United States was without Plaintiff's license or authorization and was itself, an act of infringement in the United States and a violation of the Copyright Act.

23. At this time the full extent of Defendants' wrongful distribution of the TV Show is unknown. A further investigation and discovery will demonstrate that Defendants' unlicensed, unauthorized and infringing use of the TV Show is not limited to the uses described herein.

24. Defendants' unlicensed, unauthorized, and infringing use of the TV Show injured Plaintiff, including but not limited to, by depriving Plaintiff of its rightful compensation for the use of the TV Show and infringing on Plaintiff's exclusive rights to control the reproduction, use, distribution, and sale of the TV Show.

## **COUNT ONE**
**(Copyright Infringement, 17 U.S.C. § 101, *et seq.*)**

25. Wanjuan Media hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

26. Wanjuan Media is the co-author and joint copyright owner of the TV Show. Wanjuan Media, together with the other two co-authors and joint copyright owners, own and hold the exclusive right to distribute and stream the TV Show.

27. The TV Show is not a "United States work" subject to the registration requirement of the Copyright Act (17 U.S.C. § 411(a)).

28. By the actions alleged above, Defendants have infringed Plaintiff's copyright in the TV Show by reproduction and distribution of the same, without Plaintiff's permission or authorization.

29. Defendants have done so with actual or constructive knowledge of Plaintiff's exclusive rights in the TV Show.

30. The foregoing acts of infringement by Defendants have been willful, intentional, and in disregard and with indifference to the rights of Plaintiff in the TV Show.

31. Therefore, Defendants are liable for copyright infringement of Plaintiff's exclusive right of reproduction and distribution under 17 U.S.C. § 106.

32. Defendants have received substantial financial benefits directly attributable to its infringement of the Plaintiff's rights in the TV Show.

33. As a result of the Defendants' copyright infringement, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

34. As a result of the Defendants' copyright infringement, Defendants have gained and/or will gain substantial profits as a result of their infringement in an amount to be determined at trial.

35. Plaintiff is entitled to, pursuant to 17 U.S.C. §§ 504(a)(1) and (b), recover its actual damages and any Defendants' profits not calculated in the computation of its actual damages in an amount to be determined at trial.

36. In the alternative, because of Defendants' acts of infringement and willful infringement, Plaintiff is entitled to, pursuant to 17 U.S.C. § 504(c), seek statutory damages in the amount of up to $150,000.00 with respect to each work infringed.

37. To the extent such infringement persists, Plaintiff has no adequate remedy at law to protect its rights in the TV Show and to prevent Defendants from continuing to infringe the TV Show and injure Plaintiff, and Plaintiff will continue to suffer irreparable injury from the Defendants' conduct of infringement.

38. As a result of the Defendants' copyright infringement, Plaintiff is entitled to preliminary and permanent injunctive relief, pursuant to 17 U.S.C. § 502, enjoining and restraining Defendants from infringing its copyright.

39. In addition, Plaintiff is entitled to its full costs, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Wanjuan Media respectfully requests that the Court enter a judgment in Plaintiff's favor and against Defendants as follows:

A. Immediately and permanently enjoining Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying, reproducing, distributing or streaming Plaintiff's TV Show without consent or otherwise infringing Plaintiff's rights in any manner;

B. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by its infringement of Plaintiff's copyrights or such damages as are proper;

C. Awarding Plaintiff the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c);

D. Awarding Plaintiff, pursuant to 17 U.S.C. § 504(b), the actual damages, including Defendants' profits from infringement, as will be proven at trial;

E. Awarding Plaintiff costs of this action;

F. Awarding Plaintiff reasonable attorneys' fees in this action;

G. Awarding Plaintiff interest as allowed by law; and

H. Awarding Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiff has incurred in connection with this action.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Wanjuan Media hereby demands a trial by jury for all issues so triable in this case.

Dated: Queens, New York
February 22, 2022

**KEVIN KERVENG TUNG, P.C.**
*Attorneys for Plaintiff*

*/s/ Kevin K. Tung*
By: Kevin K. Tung, Esq. (KT-1478)
    Ge Li, Esq. (GL-9157)
    Jiajie Cao, Esq. (JC-2305)
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633