

Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Ambika Kumar**
206-757-8030 tel
206-757-7030 fax

ambikakumar@dwt.com

March 7, 2023

*__Filed Via ECF__*

Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

      Re:    *Wanjuan Media (Tianjin) Co. Ltd. v. Amazon.com, Inc., et al.*
              Case No. 1:22-cv-01434-JPO (S.D.N.Y.)

Dear Judge Oetken:

We represent Defendants Amazon.com, Inc. and Amazon.com Services LLC (together, "Amazon").

The parties submit this joint status letter, as required by the Court's Order granting in part and denying part plaintiff's Letter Motion for Extension of Time to Complete Discovery, Dkt. 33.

**Joint Position**

***Trial date.*** This matter is set for trial on June 12, 2023. Dkt. 28 at 3. The parties jointly request that the Court vacate the existing trial date now and reset it, if still needed, after the Court decides the forthcoming cross-motions for summary judgment.

***Cross-motions for summary judgment.*** The parties jointly propose the following briefing schedule for cross-motions for summary judgment, so long as the Court (a) vacates the existing trial date as requested; and (b) denies Plaintiff's discovery extension request, the substance of which is described below.

- March 14, 2023: Amazon files its opening brief in support of its motion for summary judgment
- April 11, 2023: Plaintiff files a single brief in opposition to Amazon's motion and in support of its own cross-motion for summary judgment

**DWT.COM**

- May 9, 2023: Amazon files a single reply brief in support of its motion and in opposition to Plaintiff's cross-motion
- May 23, 2023: Plaintiff files its reply brief in support of its motion

**Plaintiff's Position**

<u>Status of the discovery</u>

According to the Court's order on January 9, 2023, the document discovery deadline is January 31, 2023 and the fact deposition deadline is February 28, 2023 (Dkt. No. 33). All document discovery closed as of January 31, 2023. All fact depositions completed on March 3, 2023 (the 30(b)(6) deposition of Plaintiff had its first session on Feb. 22, 2023 and had the second session on March 3, 2023 due to additional time required for translation and time zone difference).

<u>Expert discovery</u>

Plaintiff respectfully requests additional time to conduct expert discovery. Specifically, Plaintiff plans to hire a damage expert to give opinions on the damages to Plaintiff, if the copyright infringement liability is established.

On January 4, 2023, Plaintiff made an application to the Court to extend the discovery deadlines (Dkt. No. 31). In its application, Plaintiff attached a proposed Revised Case Management Plan (Dkt. No. 31-1), in which Plaintiff proposed to adjourn the expert discovery deadline to May 25, 2023 (see para. 5 of the proposed plan). Defendants opposed Plaintiff's application (Dkt. No. 32). On January 9, 2023, the Court partly granted Plaintiff's application extending the document discovery deadline to January 31, 2023 and extending the fact deposition deadline to February 28, 2023 (Dkt. No. 33). However, the Court's Jan. 9 order did not mention about the expert discovery deadlines. Plaintiff hereby requests additional time to conduct expert discovery. Plaintiff needs a damage expert to establish its lost profits or its lost licensing fees. Since this case involves the lost profit or licensing fees for a foreign TV show distributing on American online video platform, it is particularly difficult and time consuming to locate a proper expert to give opinions on the related issues. Therefore, Plaintiff respectfully requests the expert discovery deadline be set on **May 1, 2023**. Thank the Court for its consideration.

<u>Status of settlement discussion</u>

Plaintiff is willing to participate in the District's Mediation Program for the settlement discussion.

**Amazon's Position**

The Court should deny Plaintiff's request for an extension of expert discovery deadlines, which amounts to an improper and untimely motion for reconsideration of the Court's January 9, 2023 order. Dkt. 33. The January 9 order addresses Plaintiff's motion to extend discovery deadlines, including its motion to extend the expert discovery deadline from January 23, 2023, to May 25,

2023. Dkt. 31-1. The Court noted that "Plaintiff has not been as diligent as it should have been in conducting discovery" and found "good cause" only to grant Plaintiff "one brief extension" of the document discovery and fact deposition deadlines. Despite this order—which preceded the expert discovery deadline by two weeks—Plaintiff neither timely sought reconsideration nor disclosed any expert witnesses. *See* Local Civil Rule 6.3 (motion for reconsideration due within 14 days of entry of the underlying order); *Iowa Pub. Employees' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources….Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked…." (citations & internal quotations omitted)). The time to do so has passed. Plaintiff has again failed to exercise diligence, and an extension now would unfairly prejudice Amazon. Amazon has already taken the Rule 30(b)(6) deposition of Plaintiff, including by asking questions about damages, and it is ready to file its summary judgment motion by the March 14, 2023 deadline. *See* Dkt. 28 (setting summary judgment deadline 14 days after close of discovery).

Amazon is open to and will discuss with Plaintiff mutually acceptable ADR options.

Respectfully submitted,

Davis Wright Tremaine LLP

Ambika Kumar

cc:      All counsel of record (via ECF)

4856-1311-5477v.1 0051461-004511