

33rd Floor
920 Fifth Avenue
Seattle, WA 98104-1610

**Ambika Kumar**
206-757-8030 tel
206-757-7030 fax
ambikakumar@dwt.com

March 14, 2023

**VIA ECF**
The Honorable J. Paul Oetken
United States District Court for the Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Wanjuan Media (Tianjin) Co., Ltd. v. Amazon.com, Inc. et al.*, Case No. 22-cv-1434-JPO

Dear Judge Oetken:

We represent Defendants Amazon.com, Inc. and Amazon.com Services LLC (together, "Amazon"). We ask the Court's permission to file under seal the following exhibits to declarations filed in support of Amazon's Motion for Summary Judgment:

| **Designating Party** | **Declaration Exhibit** | **Description of Exhibit** |
|---|---|---|
| Amazon | Li Decl. Ex. 2 | 2016 license agreement between third parties Croton Cultural Media Co., Ltd. and DramaFever Corp. |
| Amazon | Li Decl. Ex. 3 | 2017 "Digital Video License Agreement" between Amazon and third party DramaFever Corp. |
| Amazon | Li Decl. Exs. 10-11 | Charts reflecting streaming data such as revenue and license fees for DramaFever Premium and number of streams for the "General and I" on DramaFever Premium |
| Amazon | Ahlvers Decl. Ex. E | Content usage reporting provided to DramaFever regarding streaming on DramaFever Premium |

The Honorable J. Paul Oetken
March 14, 2023
Page 2

| Designating Party | Declaration Exhibit | Description of Exhibit |
|---|---|---|
| Third party Warner Bros. Entertainment Inc. | de Castro Ex. A | 2016 license agreement between third parties Croton Cultural Media Co., Ltd. and DramaFever Corp. |
| Plaintiff Wanjuan Media (Tianjin) Co., Ltd. ("Wanjuan") | Li Decl. Ex. 5 | 2021 Wanjuan "Certificate of Change of Name" |
| Wanjuan | Li Decl. Ex. 6 | 2015 "TV Series Joint Production Agreement" between Shanghai Croton Culture Media Co., Ltd. and Paile Film and TV Media (Tianjin) Co., Ltd. |
| Wanjuan | Li Decl. Ex. 7 | Unexecuted "Project Joint Investment, Filming, and Distribution Cooperation Agreement Regarding the TV Series "General and I" Agreement among Shanghai Croton Film and TV Media Co., Ltd.; Shanghai Croton Culture Media Co., Ltd.; and Paile Film and TV Media (Tianjin) Co., Ltd. |

In considering a motion to seal, the Court must weigh the presumption in favor of public access to court filings against competing considerations, including the privacy interests of litigants and third parties. *Partneros v. Barnes & Noble, Inc.*, 2019 WL 10966199, at *1 (S.D.N.Y. Aug. 16, 2019) (citation omitted). Confidential business information such as trade secrets and other commercially proprietary or sensitive information merit sealing. *See, e.g.*, *Hesse v. SunGuard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 12, 2013); *accord McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *2 (W.D.N.Y. Sept. 26, 2017) (sealing documents within scope of protective order); Dkt. 80, *Ruppel v. Consumers Union of United States, Inc.*, No. 7:16-cv-2444-KMK-JCM (S.D.N.Y. Oct. 20, 2017) (granting motion to seal material governed by contractual confidentiality clauses and relating to confidential business information).

The exhibits above have all been designated "Confidential" under the Protective Order (Dkt. 30). The exhibits designated "Confidential" by Amazon and Warner Bros. merit sealing because they

The Honorable J. Paul Oetken
March 14, 2023
Page 3

comprise non-public, commercially proprietary information and trade secrets in the form of the terms and conditions of licensing deals or competitively sensitive financial information including non-public pricing, streaming data, and revenue. *See, e.g.*, *Regeneron Pharms., Inc. v. Novartis Pharma AG et al.*, No. 20-CV-05502 (AJN), Dkt. 86 (S.D.N.Y. 2021) (granting motion to seal where "requests [were] narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements, commercial development agreements, and the subsequent amendments"); *Hesse*, 2013 WL 174403, at *2 (sealing materials containing "sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing, as well as details of specific projects completed for several clients"); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine D.M.D, P.C.*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" ). Disclosure of confidential licensing agreement terms and related competitively sensitive financial and streaming information provides no specific benefit to the public. The competitive harms Amazon or Warner Bros. would suffer if such information were disclosed outweighs the general public interest in disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Amazon takes no position as to the confidentiality of the documents designated "Confidential" or "Highly Confidential" by Wanjuan. Amazon asks the Court to allow it to file the documents identified above under seal in compliance with the Protective Order. *See* Dkt. 30 §§ 2.1, 2.2, 2.3, 10 (providing that information designated as "Confidential" or "Highly Confidential" shall be treated as "Protected Information" and "[t]o the extent any part files Protected Information with the Court, such filing shall be governed by Rule [2.]E of the Individual Rules and Procedures for Civil Cases of U.S. District Judge J. Paul Oetken," which provides for filing under seal).

For these reasons, Amazon requests leave to file under seal the exhibits identified in the above chart.

We thank the Court for its consideration of this matter.


Respectfully submitted,

Davis Wright Tremaine LLP

*[signature]*

Ambika Kumar


cc:   All counsel of record (via ECF)