UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WANJUAN MEDIA (TIANJIN) CO., LTD. a.k.a. PILOT FILM AND TELEVISION MEDIA (TIANJIN) CO., LTD.,<br><br>                    Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and "JOHN DOES" 1-5,<br><br>                    Defendants. | Case No.: 1:22-cv-1434-JPO |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT**

**KEVIN KERVENG TUNG, P.C.**
Kevin K. Tung, Esq.
Ge Li, Esq.
Jiajie Cao, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

    A.  Wanjuan Media's Copyright Infringement Claim in the FAC Includes the Allegations that Amazon Committed Copyright Infringement by Displaying the Images from Each Episode of "General and I" on its Prime Video Platform until October 2021 .......................... 2

    B.  Leave to Amend Should Be Allowed If the Court Deems the Copyright Infringement Allegations in the FAC Do Not Include Amazon's Display of the Images from the TV Show ............................................. 4

    C.  Amazon's Lack of Damages Argument is Conclusory and Arbitrary ........................................................................................................... 6

III. CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

### Cases

*Conley v. Gibson*,
    355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) .............................................................. 2

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ........................................... 6

*Flickinger v. Harold C. Brown & Co., Inc.*,
    947 F.2d 595, 600 (2d Cir. 1991) .......................................................................................... 4

*Foman v. Davis*,
    371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ................................................... 4

*Gins v. Mauser Plumbing Supply Co.*,
    148 F.2d 974, 976 (2d Cir. 1945) .......................................................................................... 2

*Newman v. Silver*,
    713 F.2d 14, 15 n.1 (2d Cir. 1983) .................................................................................... 2, 4

*Warren v. John Wiley & Sons, Inc.*,
    952 F. Supp. 2d 610, 620 (S.D.N.Y. 2013) ........................................................................... 3

*Zahra v. Town of Southold*,
    48 F.3d 674, 685 (2d Cir. 1995) ............................................................................................ 4

### Statutes

17 U.S.C. § 106 .............................................................................................................................. 3

17 U.S.C. § 501 .............................................................................................................................. 6

### Rules

Fed. R. Civ. P. 15(a)(2) .................................................................................................................. 4

## I.     PRELIMINARY STATEMENT

Plaintiff Wanjuan Media (Tianjin) Co., Ltd. a.k.a. Pilot Film and Television Media (Tianjin) Co. Ltd. (the "Plaintiff" or "Wanjuan Media") respectfully submits this Reply Memorandum of Law in further support of its Cross Motion for Summary Judgment against defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively as "Amazon" or "Defendants") for copyright infringement.

Wanjuan Media's First Amended Complaint (the "FAC", Dkt. No. 19) alleges that Amazon committed unlicensed, unauthorized, and infringing use of the Chinese historical/costume TV show "General and I" on Amazon's Prime Video platform. See FAC ¶ 24.

In its Opposition to Wanjuan Media's Cross Motion for Summary Judgment, Amazon argues that Wanjuan Media's allegation of infringement for Amazon's display of images from the TV Show is a new theory which was never pleaded in the FAC and amendment of the FAC should not be allowed in this stage of litigation.

Amazon's such arguments are misplaced for the following reasons:

**First**, the allegations in FAC already include the infringement theory that Amazon should be liable for displaying the images from the TV Show on its platform until October 2021, by using the terms "displaying' and "reproduction, use, distribution" in the allegations and by generally alleging that Wanjuan Media's exclusive rights under 17 U.S.C. § 106 are violated.

**Second,** an amendment of the FAC should be allowed if the Court deems the infringement allegations are deficient because it is serving judicial economy to have the entire controversy between the parties be resolved in one action and the amended allegations involve the same or similar issues, subject matter, or facts, there is no bad faith motive of Wanjuan Media to delay the case, and the amendment will neither be futile nor cause prejudice to Amazon.

1

**Third**, Wanjuan Media has sufficiently established each element of copyright infringement claim with proof against Amazon relating to the display of the images from the TV Show. The damage should be determined at trial.

## II.     ARGUMENT

### A. Wanjuan Media's Copyright Infringement Claim in the FAC Includes the Allegations that Amazon Committed Copyright Infringement by Displaying the Images from Each Episode of "General and I" on its Prime Video Platform until October 2021

Federal Rules of Civil Procedure are designed merely to give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957), and, therefore, "federal pleading is by statement of claim, not by legal theory," *Newman v. Silver*, 713 F.2d 14, 15 n.1 (2d Cir. 1983); see also *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974, 976 (2d Cir. 1945) ("particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled, whether demanded or not").

In this case, contrary to Amazon's argument in the Opposition ("Defs.' Opp'n," Dkt. No. 58), the FAC already contains sufficient allegations that implicate Amazon's liabilities in displaying images from the "General and I" for copyright infringement.

**First,** in paragraph 19 of the FAC, Wanjuan Media alleges that "[b]etween May 2018 and October 4, 2021, Defendants, without license or authorization from Plaintiff, distributed and made available to the public all 62 episodes of the TV Show on their paid online video streaming service site, Prime Video. See a true and accurate copy of Prime Video's webpages **displaying** the TV Show attached hereto as **Exhibit A**. The webpage contains detailed information of the TV Show, including an English title, a cover photo, **a screenshot from each of the 62 episodes,** and an English description of the plot and the length of playtime of each episode." FAC ¶ 19

2

(emphasis added). **Exhibit A** to the FAC clearly shows how Amazon displayed the images from each episode of the "General and I," which gives Amazon "fair notice of what the plaintiff's claim is and the grounds upon which it rests," See *Conley*, 355 U.S. at 47.

**Second,** Wanjuan Media further alleges that "Defendants' unlicensed, unauthorized, and infringing **use** of the TV Show injured Plaintiff, including but not limited to, by depriving Plaintiff of its rightful compensation for **the use** of the TV Show and infringing on Plaintiff's exclusive rights to control the **reproduction, use, distribution**, and sale of the TV Show." FAC ¶ 24 (emphasis added). Although it might be uncertain whether "reproduction" or "distribution" includes the conduct of displaying images from the "General and I," the word "use" clearly encompasses Amazon's display of images from the TV Show on its platform.

**Third,** Wanjuan Media's allegations of copyright infringement in the FAC cite the Copyright Act section (17 U.S.C. § 106) that lists all exclusive rights Wanjuan Media enjoyed as a copyright owner. In paragraph 31 of the FAC, Wanjuan Media alleges "[t]herefore, Defendants are liable for copyright infringement of Plaintiff's exclusive right of reproduction and distribution under 17 U.S.C. § 106." Despite that the word "use" is omitted from the allegation inadvertently, reading together with paragraphs 24 and 19, the allegations in paragraph 31 should be interpreted as including all the exclusive rights Plaintiff enjoyed under 17 U.S.C. § 106. If Wanjuan Media's copyright infringement claim was only based on 17 U.S.C. § 106 (1) and (3), it should specifically cite 17 U.S.C. § 106 (1) and (3) in the FAC. Instead, Wanjuan Media cites the entire 17 U.S.C. § 106 alleging its exclusive rights under section 106 are infringed upon.

In addition, an infringement of the exclusive right provided in each subsection of section 106 of the Copyright Act is not a separate claim; instead, the liability of the infringer should all be pursued under 17 U.S.C. § 501, infringement of copyright. See *Warren v. John Wiley & Sons,*

*Inc.*, 952 F. Supp. 2d 610, 620 (S.D.N.Y. 2013) ("[T]he plain language of the statute makes clear that an exportation of a copyrighted work without the permission of the copyright owner is merely a type of copyright infringement, rather than a separate cause of action. Thus, . . . the unauthorized import or export of copies under § 602 are simply additional examples of infringement under § 106.").

**Fourth,** in the prayer section of the FAC, Wanjuan Media requests the Court to enjoin "Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying, reproducing, distributing or streaming Plaintiff's TV Show without consent **or otherwise infringing Plaintiff's rights in any manner.**" See FAC at p. 7 (emphasis added). Such language includes the infringement of the right to display the images from the TV Show.

### B. Leave to Amend Should Be Allowed If the Court Deems the Copyright Infringement Allegations in the FAC Do Not Include Amazon's Display of the Images from the TV Show

The court will entertain a motion for leave to amend to assert claims supported by the factual allegations in the complaint. See Fed. R. Civ. P. 15(a)(2) (court should freely give leave to amend "when justice so requires"); *Flickinger v. Harold C. Brown & Co., Inc.*, 947 F.2d 595, 600 (2d Cir. 1991) ("federal pleading is by statement of claim, not by legal theory") (citing *Newman v. Silver*, 713 F.2d 14, 15 n.1 (2d Cir. 1983)). It is within the discretion of the district court whether to grant or deny leave to amend, guided by such considerations as absence or presence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S.

178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995).

**First of all,** it is to serve judicial economy to allow an amendment of the FAC (if the Court thinks the FAC does not already include the infringement allegations against Amazon's display of the images from the TV Show) because the entire controversy between the parties could be resolved in one action and the amended allegations involve the same or similar issues, subject matter, or facts. Otherwise, Wanjuan Media has to file a new lawsuit for copyright infringement against Amazon for its display of the images from the "General and I."

**Next**, there is no "undue delay, bad faith or dilatory motive on the part of" the Wanjuan Media to request the leave to amend the FAC. Wanjuan Media sincerely believes its FAC already includes the necessary allegations against Amazon for its infringement on Wanjuan Media's exclusive rights as a copyright co-owner, including the right of display. It is neither a new claim nor new allegation that would surprise Amazon. Therefore, there is no incentive for Wanjuan Media to request an amendment earlier in this litigation.

**Further**, the proposed amendment will not prejudice Amazon, because such amendment would not surprise Amazon and no additional discovery is required. **Exhibit A** to the FAC and paragraphs 24 and 31 of the FAC already generally refer to Amazon's misconducts that will be alleged in more detail in the amendment. There is no additional discovery as to the infringement required after the amendment because Amazon is not denying that it continued to display the images of the "General and I" on its Prime Video platform until October 2021, as depicted in **Exhibit A** to the FAC.

**Last**, to amend the FAC is not futile. The proposed amendment to the FAC would simply include more detail allegations[1] against Amazon for its display or use of the images from the "General and I" on its Prime Video platform, which has already been demonstrated by the **Exhibit A** to the FAC and the general allegations in paragraphs 24 and 31 of the FAC.

### C. Amazon's Lack of Damages Argument is Conclusory and Arbitrary

In its Opposition to Wanjuan Media's Cross Motion, Amazon argues that Wanjuan Media's Cross Motion (focusing on Amazon's liability on displaying the images from the TV Show) should be denied because it cannot show damages. See Defs.' Opp'n 9-10.

However, damage is not one of the elements for copyright infringement. See *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) (in order to establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original"); see also 17 U.S.C. § 501.

The record in this case suggests there is no genuine dispute for each element. Wanjuan Media has established that it is a rightful co-owner of the "General and I." See Pl. 56.1 (Dkt. No. 55-1) at ¶ 5. It is undisputed that Amazon had been displaying images from all 62 episodes of the "General and I" on the Prime Video website until as late as August 2021. See Pl. 56.1 (Dkt. No. 55-1) ¶¶ 20-21; also see **Ex. D** (Dkt. No. 54-7) to Tung Decl. Bransten's declaration also confirmed that Amazon removed its product detail page about the "General and I" on Oct. 4, 2021. See Bransten Decl. (Dkt. No. 46) ¶ 6.

---

[1] To cure the deficiency alleged by Amazon, at a minimum, Wanjuan Media might only need to add the word "display" or "use" in paragraph 31 of the FAC.

In its Cross Motion, Wanjuan Media has sufficiently established Amazon's liability on the copyright infringement claim relating to the display of the images. The damage can be determined at the trial.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Defendants' Motion for Summary Judgment be denied in its entirety, that Plaintiff's Cross Motion for Summary be granted in its entirety.

Dated: Queens, New York
       June 2, 2023

Respectfully submitted,

KEVIN KERVENG TUNG, P.C.
*Attorneys for Plaintiff*

*/s/ Ge Li*
_____
By: Ge Li, Esq.
    Jiajie Cao, Esq.
    Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633